UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SCOTT PEASLEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WARDEN M. SPEARMAN, et al.,<br><br>　　　　Defendants. | Case No. 15-CV-1769 LHK (PR)<br><br>**ORDER ADDRESSING PENDING MOTIONS**<br><br>Re: Dkt. Nos. 153, 155, 170, 173, 182, 184, 186 |

Plaintiff, a California prisoner proceeding *pro se*, filed an amended civil rights complaint, pursuant to 42 U.S.C. § 1983. In a concurrently filed order, the court has denied plaintiff's motions for summary judgment, and directed the Federal Pro Bono Project to locate counsel for plaintiff before setting the case for trial. This order addresses several currently pending motions.

I. <u>Motion for reconsideration</u>

On March 6, 2017, the court granted defendants' motion for summary judgment on Counts 2 and 14. Plaintiff has filed a motion for reconsideration of that decision. Dkt. No. 153. Plaintiff argues that "facts presented were in error and had incomplete representation of the events." *Id.* at

1. He goes on to state that discovery documents were withheld by defendants and new facts can clarify his claims. *Id.*

In the Northern District of California, no pre-judgment motion for reconsideration under Local Rule 7-9 may be brought without leave of court. *See* Civil L.R. 7-9(a). The moving party must specifically show: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the court to consider material facts which were presented to the court before such interlocutory order. *See* Civil L.R. 7-9(b). Under Federal Rule of Civil Procedure 54(b), "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Here, plaintiff has not demonstrated any of these factors. He instead wishes to present more facts to support his claims, in the hope that additional facts will alter the court's decision. This is not appropriate under either the Federal Rules or the Local Rules. Plaintiff had a full opportunity to present all his facts in his opposition to defendants' motion for summary judgment. Plaintiff's motion for reconsideration is denied.

II. <u>Motion to Shorten Time and Motion to Increase Plaintiff's Response Time</u>

Prior to the settlement proceeding held on May 11, 2017, plaintiff had filed a "motion to shorten time." Dkt. No. 155. In the motion, plaintiff requested that the court order discovery requests to be produced before the proceeding was conducted. Because the settlement proceeding has already occurred, plaintiff's motion is denied as moot.

Case No. 15-CV-1769 LHK (PR)
ORDER ADDRESSING PENDING MOTIONS

2

1    Plaintiff has also filed a motion to "increase any response time" to file anything because he had been denied access to records, the mail, the phone, and even a pen between April 15, 2017 and June 1, 2017. Dkt. No. 170. Because those dates have passed, the motion is denied as moot.

III.    Motion to Compel Discovery

Plaintiff requests the court to order defendants to respond to "the first portion of questions 4-6" of plaintiff's discovery requests. Dkt. No. 173 at 2. The court generally is not involved in the discovery process and only becomes involved when there is a dispute between the parties about discovery responses. Discovery requests and responses normally are exchanged between the parties without any copy sent to the court. *See* Fed. R. Civ. P. 5(d) (listing discovery requests and responses that "must not" be filed with the court until they are used in the proceeding or the court orders otherwise). Only when the parties have a discovery dispute that they cannot resolve among themselves should the parties even consider asking the court to intervene in the discovery process. The court does not have enough time or resources to oversee all discovery, and therefore requires that the parties present only their very specific disagreements. To promote the goal of addressing only very specific disagreements (rather than becoming an overseer of all discovery), the court requires that the parties meet and confer to try to resolve their disagreements before seeking court intervention. *See* Fed. R. Civ. P. 37(a); N.D. Cal. Local Rule 37. Where, as here, one of the parties is a prisoner, the court does not require in-person meetings and instead allows the prisoner and defense counsel to meet and confer by telephone or exchange of letters. Although the format of the meet-and-confer process changes, the substance of the rule remains the same: the parties must engage in a good faith effort to meet and confer before seeking court intervention in any discovery dispute.

The motion to compel is DENIED because there is no indication that the meet-and-confer process was accomplished before the motion was filed. The parties must pursue the meet-and-confer process before the court will entertain any motion to compel. Should plaintiff believe a motion to compel is necessary in the future, plaintiff must include a copy of the request for

discovery in his motion to compel, and must include a certification that describes, in detail, plaintiff's efforts to meet and confer, as well as defendants' responses. The parties are reminded that they must put forth a good faith effort to resolve discovery disputes and shall be thorough and specific in their communications with each other.

IV. <u>Informal Motion for the Court Clerk to Copy Docket and Confirm Filing</u>

Plaintiff's motion for a copy of the court docket sheet is granted. Dkt. No. 182. The clerk shall include a courtesy copy of the docket sheet for plaintiff.

V. <u>Motion to Stay Defendants' Summary Judgment Decision</u>

Plaintiff moves to stay any motion for summary judgment filed by defendants until discovery is complete. Dkt. No. 184. Because there is no motion for summary judgment by defendants pending, nor was there at the time plaintiff filed his motion to stay, the motion to stay is denied.

VI. <u>Motion for Sanctions</u>

Plaintiff moves for sanctions against defendants. Dkt. No. 186. Plaintiff argues that defense counsel failed to follow a court order to produce discovery documents within thirty days after the court's denial of defendants' motion to dismiss and grant of defendants' motion for summary judgment. Under Federal Rule of Civil Procedure 37(b)(2), the court must order a party who fails to obey a discovery order to pay reasonable expenses, including attorney's fees, incurred by the other party as a result of this failure to the other party. Rule 37(b) further provides that sanctions may be imposed only after the court has ordered a defendant to produce the requested discovery. Fed. R. Civ. P. 37(b); *see also Davis v. Kissinger*, No. CIV S-04-0878 GEB DAD P, 2008 WL 618802, *2 (E.D. Cal. Mar. 3, 2008) (plaintiff may move for sanctions only after court has ordered defendants to produce requested discovery). This motion is denied on the ground that the court has not ordered defendants to produce any discovery.

Case No. 15-CV-1769 LHK (PR)
ORDER ADDRESSING PENDING MOTIONS

4

**CONCLUSION**

Plaintiff's motion for leave to file a motion for reconsideration is denied with prejudice. Plaintiff's motion to shorten time and motion to increase time are denied as moot. Plaintiff's motion to compel discovery is denied without prejudice. Plaintiff's informal motion for the court clerk to copy docket and confirm filing is granted. Plaintiff's motion to stay defendants' summary judgment decision is denied. Plaintiff's motion for sanctions is denied.

**IT IS SO ORDERED.**

DATED: 09/26/2017

*Lucy H. Koh*
LUCY H. KOH
UNITED STATES DISTRICT JUDGE