United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID SCOTT PEASLEY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WARDEN M. SPEARMAN, et al.,<br><br>　　　　Defendants. | Case No. 15-CV-01769-LHK<br><br>**ORDER DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT; ORDER DENYING STIPULATION**<br><br>Re: Dkt. No. 197, 203 |

Plaintiff David Scott Peasley ("Plaintiff"), a California prisoner, filed an amended *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 31. In the amended complaint, Plaintiff alleged that defendants were deliberately indifferent to his serious medical needs by failing to adequately treat his Type-I diabetes. Defendants Warden Spearman, Chief Medical Officer Ellis, Dr. Bright, Officer Orozco, Officer Gibson, and Dr. Ahmed have filed a motion to dismiss and for summary judgment.[1] *See* ECF No. 197 ("Mot."). For the reasons stated below,

---

[1] Defendants' motion also lists Officer Maria L. Lopez as a moving defendant, but Lopez cannot be a moving defendant because she is currently in default. *See* ECF No. 136 at 2 (directing the clerk to "enter the default of Lopez, pursuant to Rule 55(a)"); ECF No. 143 ("Clerk's Notice of Entry of Default as to Maria L. Lopez" pursuant to ECF No. 136).

1
Case No. 15-CV-01769-LHK
ORDER DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT; ORDER DENYING STIPULATION

the Court DENIES in part defendants' motion to dismiss and motion for summary judgment.

## I. PROCEDURAL HISTORY

Plaintiff's amended complaint raised 15 Counts. *See* Compl. After screening the amended complaint, the Court dismissed Counts 10 and 15 in its order of service. ECF No. 53 at 4. On July 18, 2016, defendants moved to dismiss Counts 1–9 and 11–13 based on res judicata, and also moved for summary judgment on Counts 2 and 14. ECF No. 90. Plaintiff filed an opposition on September 6, 2016, ECF No. 111, and defendants filed a reply on September 20, 2017. ECF No. 114.

On May 23, 2016, plaintiff filed a motion for summary judgment on Counts 6–9. ECF No. 76. On July 19, 2016, defendants filed an opposition, essentially parroting their res judicata argument on Counts 1–9 and 11–13, and summary judgment argument on Counts 2 and 14. ECF No. 95. On July 29, 2016, plaintiff filed a motion for summary judgment on Counts 1–5 and 11–14. ECF No. 97. On August 12, 2016, defendants filed a statement that their previously filed July 19, 2016 opposition should serve as an opposition to plaintiff's second motion for summary judgment as well. ECF No. 103. On August 29, 2016, plaintiff filed replies to defendants' opposition. ECF Nos. 108 & 109.

On March 6, 2017, the Court denied defendants' motion to dismiss Counts 1–9 and 11–13 based on res judicata, granted defendants' motion for summary judgment on Counts 2 and 14, and referred the matter to settlement proceedings. ECF No. 151. The Court informed the parties that if settlement proceedings were unsuccessful, the Court would then resolve plaintiff's motions for summary judgment. *Id.* at 19. On May 11, 2017, the Court was informed that the parties were unable to settle. *See* ECF No. 165. Thus, on September 26, 2017, the Court denied plaintiff's motions for summary judgment on Counts 1, 3–7, and 11–13. ECF No. 193 at 3. The Court declined to address Counts 8 or 9 because those Counts "name [Maria L.] Lopez as the sole defendant," and at that time, Lopez had not entered an appearance in the case. *Id.* Further, the Court ordered the Federal Pro Se Program to locate counsel for plaintiff. *Id.* at 14. Then, on

2

Case No. 15-CV-01769-LHK
ORDER DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT;
ORDER DENYING STIPULATION

October 4, 2017, the Court appointed Joseph Farris and Michael Malecek of Arnold & Porter Kaye Scholer, LLP as counsel for plaintiff pursuant to 28 U.S.C. § 1915(e)(1) and the Court's Federal Pro Bono Project guidelines. ECF No. 195.

On October 9, 2017, defendants filed the instant motion to dismiss and for summary judgment. *See* Mot. Defendants moved to dismiss some of plaintiff's claims on Eleventh Amendment immunity and mootness grounds, and also moved for summary judgment on all Counts. *See id.* Then, on October 30, 2017, the parties filed a stipulation and proposed order "regarding hearing and briefing on defendants' motion to dismiss and motion for summary judgment." ECF No. 203. In the stipulation, the parties requested "that the hearing set for January 18, 2018 on Defendants' Motion to Dismiss and Motion for Summary Judgment be temporarily taken off calendar and all associated briefing deadlines vacated" so that the parties could "meet and confer in advance of the Initial Case Management Conference and attempt to agree on a new schedule for the hearing on the Motions and a briefing schedule" and "discuss possible settlement of the matter." *Id.* at 2.

## II. DISCUSSION

As explained above, in the instant motion, defendants move for both dismissal and summary judgment. The Court considers each in turn.

### A. Motion to Dismiss

In the instant motion, defendants move to dismiss some of plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Specifically, defendants argue that (1) "all claims [for damages] against Defendants in their official capacities should be dismissed with prejudice" because such claims are barred by the Eleventh Amendment; and (2) all claims for equitable relief against defendants should be dismissed because they were rendered moot by "Plaintiff's transfer from the Correctional Training Facility to Valley State Prison." Mot. at 16. However, defendants filed an earlier motion to dismiss pursuant to Rule 12 on July 18, 2016, ECF No. 90, and the Court denied that motion on March 6, 2017. ECF No. 151.

Federal Rule of Civil Procedure 12(g)(2) states that "a party that makes a motion under [Rule 12] must not make another motion under [Rule 12] raising a defense or objection that was available to the party but omitted from its earlier motion." The only exception to this rule that is potentially applicable at this stage of the proceedings is that a party can move at any time to dismiss for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(g)(2) (noting that Fed. R. Civ. P. 12(h)(3) provides an exception to the rule); Fed R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

In this case, defendants' Eleventh Amendment immunity argument in the instant motion to dismiss was "available to [defendants] but omitted from [defendants'] earlier" Rule 12 motion to dismiss. Fed. R. Civ. P. 12(g)(2). Further, although defendants' Eleventh Amendment immunity argument appears at first glance to challenge the Court's subject matter jurisdiction over some of plaintiff's claims, the Ninth Circuit has stated that Eleventh Amendment immunity "does not implicate a federal court's subject matter jurisdiction in any ordinary sense" and that it "should be treated as an affirmative defense." *Trichtler v. Cty. of Lake*, 358 F.3d 1150, 1153–54 (9th Cir. 2004) (quoting *ITSI TV Prods., Inc. v. Agric. Ass'ns*, 3 F.3d 1289, 1291 (9th Cir. 1993)). Thus, because defendants' Eleventh Amendment immunity argument in the instant motion does not implicate the Court's subject matter jurisdiction, and because defendants could have but failed to raise their Eleventh Amendment argument in their previous motion to dismiss, Federal Rule of Civil Procedure 12(g)(2) bars defendants from raising their Eleventh Amendment argument in the instant motion. Accordingly, the Court DENIES defendants' motion to dismiss plaintiff's damages claims against defendants in their official capacities on Eleventh Amendment immunity grounds.

Defendants' mootness argument, which is based on plaintiff's transfer from the Correctional Training Facility, Mot. at 16, was also arguably available to defendants at the time they filed their earlier Rule 12 motion to dismiss. Specifically, defendants filed their earlier Rule

1   12 motion to dismiss on July 18, 2016, ECF No. 90, but plaintiff filed a "[n]otice to this Court and all Parties that [plaintiff] is being relocated by way of a prison transfer" on December 14, 2015. ECF No. 41. Nonetheless, because "mootness [] pertain[s] to a federal court's subject-matter jurisdiction under Article III, [it is] properly raised" in a Rule 12(h)(3) filing. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). As a result, even if defendants' mootness argument was available when defendants filed their earlier Rule 12 motion to dismiss, Federal Rule of Civil Procedure 12(g)(2) does not bar defendants from raising their mootness argument in the instant motion. Accordingly, the Court does not deny defendants' motion to dismiss on mootness grounds.

### B. Motion for Summary Judgment

In the instant motion, defendants argue that they are entitled to summary judgment because (1) plaintiff did not properly exhaust most of his claims; (2) there is no genuine issue of material fact in this case, such that no reasonable jury would find that defendants were deliberately indifferent to plaintiff's medical needs; and (3) defendants are entitled to qualified immunity. *See* Mot. at 19–24. However, defendants previously filed a motion for summary judgment on July 18, 2016, ECF No. 90, and the Court granted that motion on March 6, 2017. ECF No. 151.

"Although successive motions for summary judgment are not categorically barred, they are generally disfavored in federal court." *AAA Flag & Banner Mfg. Co., Inc. v. Flynn Signs & Graphics, Inc.*, 2010 WL 11463632, at *2 (C.D. Cal. Mar. 15, 2010); *see also Allstate Fin. Corp. v. Zimmerman*, 296 F.2d 797, 799 (5th Cir. 1961) (stating that federal courts "do not approve in general the piecemeal consideration of successive motions for summary judgment because parties ought to be held to the requirement that they present their strongest case for summary judgment when the matter is first raised"). However, courts have discretion to consider a successive motion for summary judgment in light of certain circumstances, such as the availability of new evidence or "an expanded factual record," *Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010), "an intervening change in controlling law," *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.

5

Case No. 15-CV-01769-LHK
ORDER DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT;
ORDER DENYING STIPULATION

Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987), or "the need to correct a clear error or prevent manifest injustice." *Id.*

In this case, it is clear that the instant motion is not based on new evidence or an expanded factual record, as all of the factual information upon which defendants rely could have been obtained and included in defendants' previous motion for summary judgment filed on July 18, 2016. Further, it does not appear, and defendants do not demonstrate, that the instant motion is either based on an intervening change in controlling law or necessary to correct a clear error or prevent manifest injustice. Thus, because defendants have not demonstrated good cause for why the Court should consider defendants' successive motion for summary judgment, the Court DENIES the instant motion for summary judgment.

## III. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss "all claims [for damages] against Defendants in their official capacities" on Eleventh Amendment immunity grounds and defendants' motion for summary judgment are DENIED.

However, the Court does not deny defendants' motion to dismiss on mootness grounds. Thus, plaintiff shall have until November 21, 2017 to file either an opposition to the mootness portion of defendants' motion to dismiss or a statement of non-opposition. Should plaintiff choose to file an opposition, defendants shall have until November 30, 2017 to file a reply. The parties' stipulation to vacate the briefing deadlines associated with the instant motion is therefore DENIED as moot. ECF No. 203 at 2. Further, the Court DENIES the parties' stipulation to remove the January 18, 2018 hearing set for the instant motion from the calendar. *Id.*

**IT IS SO ORDERED.**

Dated: November 14, 2017

LUCY H. KOH
United States District Judge