UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID SCOTT PEASLEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M. SPEARMAN, et al.,<br><br>　　　　Defendants. | Case No. 15-CV-01769-LHK<br><br>**ORDER GRANTING MOTION TO SET ASIDE ENTRY OF DEFAULT AND DENYING AS MOOT MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. Nos. 159, 191 |

Defendant Maria L. Lopez ("Defendant") moves to set aside the Clerk's entry of default. ECF No. 191 ("Mot."). Having considered the parties' submissions and the relevant law, the Court GRANTS Defendant's motion to set aside the default. Because the Court has determined that the entry of default should be set aside, the Court also DENIES as moot Plaintiff's motion for default judgment.

**I.　BACKGROUND**

Plaintiff David Scott Peasley ("Plaintiff"), a California prisoner, filed an amended *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 31 ("Compl."). In the amended complaint, Plaintiff alleged that various defendants, including Defendant, were deliberately

1

Case No. 15-CV-01769-LHK
ORDER GRANTING MOTION TO SET ASIDE DEFAULT AND DENYING AS MOOT MOTION FOR DEFAULT JUDGMENT

indifferent to his serious medical needs by failing to adequately treat his Type-I diabetes. Plaintiff's amended complaint raised 15 Counts, but after screening the amended complaint, the Court dismissed Counts 10 and 15 in its order of service. ECF No. 53 at 4. On October 27, 2016, a service process receipt and return upon Defendant was filed. ECF No. 128. The receipt showed that the United States Marshal personally served Defendant on October 18, 2016. *Id.* Defendant failed to answer or otherwise respond to Plaintiff's amended complaint, and thus Plaintiff filed a motion for entry of default against Defendant on November 10, 2016. ECF No. 131. On November 30, 2016, the Court entered a default against Defendant. ECF No. 136. The Court also directed Defendant to file a motion to set aside the default for good cause in order to avoid a default judgment. *Id.* at 2.

On January 6, 2017, Defendant filed a letter in which she stated that she had been terminated from the Correctional Training Facility and was no longer employed there. ECF No. 142. On February 3, 2017, the Court *sua sponte* granted Defendant an extension of time to file a motion to set aside the default for good cause to avoid a default judgment. ECF No. 145. Subsequently, on March 1, 2017, Defendant filed a second letter stating that she had "been unemployed from Correctional Training Facility since 2015." ECF No. 152.

On April 13, 2017, Plaintiff filed a motion for default judgment against Defendant. ECF No. 159. Then, on September 15, 2017, Defendant filed a motion to set aside default ("Set Aside Motion"). ECF No. 191. With her Set Aside Motion, Defendant has submitted a declaration explaining that because her employment with the Department of Corrections and Rehabilitation had ended in January 2015, Defendant believed that she "was no longer required to participate in litigation related to inmates at the Correctional Training Facility." ECF No. 191-4 ("Lopez Decl.") ¶ 2. Defendant also states in her declaration that by June 2017, she realized that she was still "required to participate" in the instant action, and thus "requested legal representation from the Attorney General's Office on June 16, 2017." *Id.* ¶ 3. On October 4, 2017, the Court appointed Joseph Farris and Michael Malecek of Arnold & Porter Kaye Scholer, LLP as counsel

2

Case No. 15-CV-01769-LHK
ORDER GRANTING MOTION TO SET ASIDE DEFAULT AND DENYING AS MOOT MOTION FOR DEFAULT JUDGMENT

1 for plaintiff pursuant to 28 U.S.C. § 1915(e)(1) and the Court's Federal Pro Bono Project guidelines. ECF No. 195. However, despite this appointment of pro bono counsel, Plaintiff filed a *pro se* opposition to Defendant's Set Aside Motion on October 11, 2017. ECF No. 199. The Court strikes this impermissible *pro se* opposition in light of Plaintiff's representation by counsel.

## II. LEGAL STANDARD

This Court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). To determine whether good cause exists to set aside entry of default, the Court considers three factors: (1) whether the defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious defense; or (3) whether reopening the default (or in this case, setting aside entry of default) would prejudice the plaintiff. *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). "[W]hile the same test applies for motions seeking relief from default judgment under both Rule 55(c) and Rule 60(b), the test is more liberally applied in the Rule 55(c) context." *Id.* at 1091 n.1. "This is because in the Rule 55 context there is no interest in the finality of the judgment with which to contend." *Id.* (citing *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986)). "[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

## III. DISCUSSION

### A. Culpable Conduct

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001) (quotation marks omitted). Here, "the term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer." *Mesle*, 615 F.3d at 1092. Instead, the term means something like "willful, deliberate, or evidence of bad faith." *TCI Group*, 244 F.3d at 697. "Neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the

3

Case No. 15-CV-01769-LHK
ORDER GRANTING MOTION TO SET ASIDE DEFAULT AND DENYING AS MOOT MOTION FOR DEFAULT JUDGMENT

opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process is not 'intentional' under our default cases . . . ." *Id.* "[S]imple carelessness is not sufficient to treat a negligent failure to reply as inexcusable, at least without a demonstration that other equitable factors, such as prejudice, weigh heavily in favor of denial of the motion to set aside a default." *Mesle*, 615 F.3d at 1092.

The Court finds that Defendant's conduct was not intentional. Defendant has offered a credible explanation as to why she failed to timely answer the complaint. Because her employment at the Correctional Training Facility ended in 2015, Defendant believed that she was no longer required to participate in litigation related to inmates at the Correctional Training Facility. Lopez Decl. ¶ 2. Upon realizing that she was wrong in June 2017, Defendant requested legal representation from the Attorney General's Office. *Id.* ¶ 3.

Thus, Defendant's initial failure to respond to the complaint does not appear to have been willful, deliberate, or in bad faith. Because it appears that Defendant did not intend to "take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process," *TCI Group*, 244 F.3d at 697, Defendant did not intentionally fail to answer. Therefore, this factor weights in favor of setting aside the Clerk's entry of default against Defendant.

### B. Meritorious Defense

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." *Mesle*, 615 F.3d at 1094 (citing *TCI Group*, 244 F.3d at 700) (quotation marks omitted). "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense: 'the question whether the factual allegation is true' is not to be determined by the court when it decides the motion to set aside the default." *Id.* (quotation and alterations omitted). "Rather, that question would be the subject of the later litigation." *Id.* (quotation marks omitted).

4

Case No. 15-CV-01769-LHK
ORDER GRANTING MOTION TO SET ASIDE DEFAULT AND DENYING AS MOOT MOTION FOR DEFAULT JUDGMENT

Plaintiff's amended complaint asserts three counts against Defendant for deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment. However, in her Set Aside Motion, Defendant denies the factual allegations on which the three counts are based.

First, in Count 6, Plaintiff alleges that sometime between September 6, 2013 and September 15, 2013, Defendant refused Plaintiff's request to see a doctor for a medical emergency, and instead restricted Plaintiff to his cell despite knowing that Plaintiff had Type-I diabetes. Compl. at 55–56. Plaintiff also alleges that Defendant denied Plaintiff the use of a blood sugar test and medication, and refused to allow Plaintiff out of his cell to receive medical aid. *Id.* at 58. However, Defendant appears to deny these allegations by asserting that "there is no evidence in the medical records to support [Plaintiff's] allegations in count six that [Defendant] interfered with [Plaintiff's] medication and diet." ECF No. 191-1 at 4. If Defendant is correct, then Plaintiff's cause of action against Defendant in Count 6 would fail.

Second, in Counts 8 and 9, Plaintiff alleges that on September 16, 2013 and November 4, 2013, Defendant denied Plaintiff access to a meal after Plaintiff received his insulin injection. ECF No. 31-1 at 10–12, 14–16. However, in the declaration that she submitted along with her Set Aside Motion, Defendant denies Plaintiff's allegations and asserts that she "never prevented a diabetic inmate from accessing a meal." Lopez Decl. ¶ 4.

Thus, Defendant's allegations, if true, would constitute a meritorious defense to all the causes of action asserted against Defendant in Plaintiff's amended complaint. Accordingly, this factor supports setting aside the default.

**C. Prejudice to Plaintiff**

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case" or "being forced to litigate on the merits." *TCI Group*, 244 F.3d at 701; *accord Mesle*, 615 F.3d 1094. Rather, "[t]he standard is whether [the plaintiff's] ability to pursue his claim will be hindered." *Falk*, 739 F.2d at 463.

1    Defendant asserts that "setting aside [Defendant's] default will not hinder Plaintiff's ability
2    to pursue his claim, as [Defendant's] delay in responding to the complaint has not impacted the
3    evidence or complicated any discovery issues in the matter." ECF No. 191-1 at 7.
4    The Court struck Plaintiff's *pro se* opposition to Defendant's Set Aside Motion because
5    Plaintiff filed the opposition after the Court appointed Arnold & Porter Kaye Scholer, LLP to
6    represent Plaintiff. Nonetheless, even if the Court were to consider Plaintiff's stricken opposition,
7    the Court would still find no prejudice. Plaintiff argues in his *pro se* opposition that during
8    Defendant's delay, evidence relevant to Plaintiff's claims against Defendant may have been lost
9    due to "loss of exact statements," "forgotten details," and witnesses "mov[ing] or pass[ing] away."
10   ECF No. 199 at 9. Although loss of evidence is a valid concern, "Plaintiff's generalized allegation
11   that [Defendant's] delays will undoubtedly mean loss of evidence is insufficient" to establish
12   prejudice. *Magnan v. Runnels*, 2008 WL 1970490, *2 (E.D. Cal. May 2, 2008); *see also Harvey
13   v. Peter Lang Pub., Inc.*, 2009 WL 2044701, *3 (N.D. Cal. July 9, 2009) ("Plaintiffs argue in
14   opposition that 'setting aside the default may also very well cause third party evidence to
15   disappear and witnesses to become unavailable due to the passage of time.' Plaintiffs, however,
16   offer no evidence to that effect nor do they submit any details of the nature of such third party
17   evidence or witnesses."). Moreover, "the mere possibility of delay and loss of evidence are
18   insufficient to establish prejudice to [a] plaintiff." *Holtsinger v. Knight*, 2008 WL 2774437, *3
19   (E.D. Cal. June 27, 2008).
20   Plaintiff also argues that setting aside Defendant's default would prejudice Plaintiff by
21   increasing the time necessary to resolve the case, which in turn would "interfere[]" with the credits
22   that Plaintiff can gain in state prison "by education and self-help programs" that could be "used to
23   lower [Plaintiff's] prison sentence." ECF No. 199 at 8. However, the Court notes that any
24   interference that setting aside Defendant's default might cause to Plaintiff's ability to earn credits
25   is mitigated at least in part by the Court's appointment of counsel for Plaintiff on October 4, 2017.
26   *See* ECF No. 195. Going forward, Plaintiff will have the assistance of appointed counsel in

6
Case No. 15-CV-01769-LHK
ORDER GRANTING MOTION TO SET ASIDE DEFAULT AND DENYING AS MOOT MOTION FOR
DEFAULT JUDGMENT

litigating Plaintiff's claims against Defendant, which will bolster Plaintiff's "ability to pursue his claim[s]" against Defendant while lessening the effect that setting aside Defendant's default will have on Plaintiff's ability to earn credits. *Falk*, 739 F.2d at 463.

## IV. CONCLUSION

Because all three factors weigh in favor of Defendant, the Court finds that Defendant has established good cause for setting aside the default entered against her. Therefore, the Court GRANTS Defendant's Set Aside Motion and DENIES Plaintiff's motion for default judgment as moot. The Clerk shall set aside default as to Defendant. Defendant shall file and serve an answer to Plaintiff's amended complaint within 14 days of the date of this Order.

**IT IS SO ORDERED.**

Dated: December 13, 2017

*Lucy H. Koh*
LUCY H. KOH
United States District Judge