UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID SCOTT PEASLEY,<br><br>Plaintiff,<br><br>v.<br><br>M. SPEARMAN, et al.,<br><br>Defendants. | Case No. 15-CV-01769-LHK<br><br>**ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE**<br><br>Re: Dkt. No. 197 |

Plaintiff, a California prisoner proceeding *pro se*, has filed an amended civil rights complaint, pursuant to 42 U.S.C. § 1983. In the amended complaint, plaintiff alleged that defendants—all of whom were medical and correctional personnel at plaintiff's former prison, the Correctional Training Facility ("CTF")—were deliberately indifferent to his serious medical needs by failing to adequately treat his Type-I diabetes. Defendants Warden Spearman, Chief Medical Officer Ellis, Dr. Bright, Officer Orozco, Officer Gibson, and Dr. Ahmed[1] have filed a motion to dismiss as moot plaintiff's request for injunctive relief. *See* ECF No. 197 ("Mot."). For the

---

[1] The motion also listed Officer Maria L. Lopez ("Lopez") as a moving defendant, but Lopez was not a moving defendant. At the time of the motion, Lopez was in default. *See* ECF No. 136 at 2 (directing the clerk to "enter the default of Lopez, pursuant to Rule 55(a)"); ECF No. 143 ("Clerk's Notice of Entry of Default as to Maria L. Lopez" pursuant to ECF No. 136).

1

reasons stated below, the Court GRANTS defendants' motion to dismiss with prejudice.

## I. BACKGROUND

### A. Background

Plaintiff suffers from Type-I diabetes, which means that plaintiff cannot produce insulin. Thus, according to plaintiff, he needs two types of insulin: one is used as a base to support the insulin levels between meals, and the other – rapid-acting insulin – is used to offset the foods that he eats. This second type of insulin is critical because it balances the food and insulin.

In the amended complaint, plaintiff generally alleges that in May 2013, Dr. Ahmed began discontinuing plaintiff's insulin and blood sugar testing plan. (Count 1.) As a result, plaintiff contracted ketoacidosis which defendants failed to treat. (Count 4.) Plaintiff also claims that defendants had a policy of denying non-formulary medications and treatments, even when recommended by a specialist. (Counts 3, 5, 11–13.) Plaintiff identifies several instances when Chief Medical Officer Ellis, Dr. Bright, and Dr. Ahmed denied plaintiff insulin and blood sugar level testing against the recommendations of a specialist. (*Id.*) Plaintiff further alleges that Dr. Ahmed was deliberately indifferent in treating plaintiff's asthma and foot. (Counts 2, 14.) Finally, plaintiff alleges that, despite knowing that plaintiff had diabetes, Officers Lopez, Gibson, and Orozco denied plaintiff access to medical care and food. (Counts 6–7.)

At the time plaintiff filed his amended complaint, plaintiff was incarcerated at CTF. *See* ECF No. 31 at 2, 6. Thus, all the defendants named in plaintiff's amended complaint were medical and correctional personnel at CTF. *See id.* at 10. In addition to damages, plaintiff's amended complaint seeks injunctive relief. Specifically, plaintiff seeks an injunction ordering "that an endocrinologist oversee [plaintiff's] care" and that the endocrinologist's "orders be followed without delay[] or exception." ECF No. 31-2 at 52.

### B. Procedural History

Plaintiff filed his original complaint on May 22, 2015. ECF No. 13. Plaintiff's original complaint raised 15 Counts. *See id.* After screening the original complaint, the Court dismissed Counts 6–11 of the original complaint with leave to amend and Count 15 of the original complaint

2

without leave to amend on September 18, 2015. ECF No. 28.

Then, on October 19, 2015 Plaintiff filed his amended complaint. *See* ECF No. 31. Plaintiff's amended complaint also raised 15 Counts. *See id.*; ECF Nos. 31-1 & 31-2. On December 14, 2015, plaintiff filed a notice which stated that plaintiff "is being relocated [from CTF] by way of a prison transfer" and which provided a new address. ECF No. 41. Then, on February 1, 2016, plaintiff filed a "second notice" of change of address confirming that plaintiff had been transferred from CTF to a different prison. ECF No. 50.

Subsequently, on March 15, 2016, after screening the amended complaint, the Court dismissed Counts 10 and 15 in its order of service. ECF No. 53 at 4. On July 18, 2016, defendants moved to dismiss Counts 1–9 and 11–13 based on res judicata, and Dr. Ahmed moved for summary judgment on Counts 2 and 14. ECF No. 90. Plaintiff filed an opposition on September 6, 2016, ECF No. 111, and defendants filed a reply on September 20, 2017. ECF No. 114.

On May 23, 2016, plaintiff filed a motion for summary judgment on Counts 6–9. ECF No. 76. On July 19, 2016, defendants filed an opposition that essentially parroted their res judicata argument on Counts 1–9 and 11–13, and summary judgment argument on Counts 2 and 14. ECF No. 95.

On July 29, 2016, plaintiff filed a motion for summary judgment on Counts 1–5 and 11–14. ECF No. 97. On August 12, 2016, defendants filed a statement that their previously filed July 19, 2016 opposition should serve as an opposition to plaintiff's second motion for summary judgment as well. ECF No. 103. On August 29, 2016, plaintiff filed replies to defendants' opposition. ECF Nos. 108 & 109.

On March 6, 2017, the Court denied defendants' motion to dismiss Counts 1–9 and 11–13 based on res judicata, granted Dr. Ahmed's motion for summary judgment on Counts 2 and 14, and referred the matter to settlement proceedings. ECF No. 151. The Court informed the parties that if settlement proceedings were unsuccessful, the Court would then resolve plaintiff's motions for summary judgment. *Id.* at 19.

1    On May 11, 2017, the Court was informed that the parties were unable to settle. *See* ECF No. 165. Then, on June 8, 2017, plaintiff filed a notice indicating that plaintiff had been transferred again, this time to Valley State Prison. ECF No. 175.

On September 26, 2017, the Court denied plaintiff's motions for summary judgment on Counts 1, 3–7, and 11–13. ECF No. 193 at 3. The Court declined to address Counts 8 or 9 because those Counts "name [Maria L.] Lopez as the sole defendant," and at that time, Lopez had not entered an appearance in the case. *Id*. Further, the Court ordered the Federal Pro Se Program to locate counsel for plaintiff. *Id.* at 14. Then, on October 4, 2017, the Court appointed Joseph Farris and Michael Malecek of Arnold & Porter Kaye Scholer, LLP as counsel for plaintiff pursuant to 28 U.S.C. § 1915(e)(1) and the Court's Federal Pro Bono Project guidelines. ECF No. 195.

On October 9, 2017, defendants filed the instant motion to dismiss and for summary judgment. *See* Mot. In that motion, in addition to moving to dismiss plaintiff's request for injunctive relief on mootness grounds, defendants also moved to dismiss some of plaintiff's claims on Eleventh Amendment immunity grounds and moved for summary judgment on all Counts. On November 14, 2017, the Court denied defendant's motion to dismiss on Eleventh Amendment immunity grounds, and also denied defendants' motion for summary judgment. ECF No. 204. Thus, the only portion of defendants' October 9, 2017 motion that is left for the Court to resolve is defendants' motion to dismiss plaintiff's request for injunctive relief on mootness grounds. Plaintiff filed an opposition on November 21, 2017, ECF No. 205 ("Opp."), and defendants filed a reply on November 30, 2017. ECF No. 208 ("Reply").

## II.  LEGAL STANDARD

Federal courts lack subject matter jurisdiction to hear claims that are moot. *See In re Burrell*, 415 F.3d 994, 998 (9th Cir. 2005) ("If the controversy is moot, both the trial and appellate courts lack subject matter jurisdiction and the concomitant 'power to declare the law' by deciding the claims on the merits.") (citation omitted). Article III of the federal Constitution limits federal court jurisdiction to "actual, ongoing cases or controversies." *Wolfson v. Brammer*, 616 F.3d

4
Case No. 15-CV-01769-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

1045, 1053 (9th Cir. 2010) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)). A case may become moot after it is filed if "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Wolfson*, 616 F.3d at 1053 (quoting *Porter v. Jones*, 319 F.3d 483, 489 (9th Cir. 2003)). Although normally the party asserting jurisdiction has the burden of establishing that subject matter jurisdiction is proper, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994), where mootness is concerned, the Ninth Circuit has stated that the party asserting mootness has the "heavy burden of establishing that no effective relief remains for the court to provide." *Chang v. United States*, 327 F.3d 911, 918–19 (9th Cir. 2003); *see also GATX/Airlog Co. v. United States District Court*, 192 F.3d 1304, 1306 (9th Cir. 1999); *In Re Pintlar Corp.*, 124 F.3d 1310, 1312 (9th Cir. 1997).

## III.  DISCUSSION

Defendants argue that plaintiff's transfer from CTF "rendered any claim for [injunctive] relief against defendants moot." Mot. at 16. Defendants point out that plaintiff is now incarcerated at Valley State Prison, and that "the only defendants in this lawsuit are persons identified by [plaintiff] as medical and correctional staff at his former prison." Reply at 1. For his part, plaintiff "does not dispute that his transfer to Valley State Prison has rendered his request for injunctive relief moot *as it pertains specifically* to prospective treatment by doctors and staff at his former prison," but asserts that the injunctive relief he seeks "is broader than a request for an order pertaining specifically to his treatment at his old facility." Opp. at 3. On that basis, plaintiff argues that his claims for injunctive relief "fall within an exception to the mootness doctrine for grievances that are 'capable of repetition, yet evading review.'" *Id.* (quoting *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995).

The Court agrees with defendants. The Ninth Circuit has long recognized that "[w]hen an inmate challenges prison conditions at a particular correctional facility, but has been transferred from the facility and has no reasonable expectation of returning, his claim is moot." *Pride v. Correa*, 719 F.3d 1130, 1138 (9th Cir. 2013); *see Dilley*, 64 F.3d at 1368 (noting that the plaintiff had been transferred to another prison and stating that "[a]n inmate's release from prison while his

5
Case No. 15-CV-01769-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

1    claims are pending generally will moot any claims for injunctive relief relating to the prison's

2    policies unless the suit has been certified as a class action"); *see also Nelson v. Heiss*, 271 F.3d

3    891, 897 (9th Cir. 2001) ("It is true that when a prisoner is moved from a prison, his action will

4    usually become moot as to conditions at that particular facility.").

In the instant case, plaintiff's amended complaint challenges the prison conditions and policies he faced at "a particular correctional facility"—namely, CTF. *Pride*, 719 F.3d at 1138. Specifically, plaintiff asserts causes of action relating to the medical care (or lack thereof) he received from certain members of CTF's medical staff for his Type-I diabetes and other health problems, the denial of access to medical care and food by specific correctional officers at CTF, and CTF's alleged policy of denying non-formulary medications and treatments. Thus, the only defendants named in plaintiff's amended complaint were medical and correctional personnel at CTF. *See* ECF No. 31 at 10. Further, the parties do not dispute that plaintiff has been transferred from CTF and is currently incarcerated at Valley State Prison. *See* Opp. at 3. Finally, plaintiff does not argue that he has a "reasonable expectation of returning" to CTF. *Pride*, 719 F.3d at 1138. As a result, plaintiff's request for injunctive relief is now moot. *Id.*

Plaintiff's argument that the injunctive relief he seeks "is broader than a request for an order pertaining specifically to his treatment at his old facility" is not well taken. Opp. at 3. As explained above, the causes of action in plaintiff's amended complaint specifically challenge only the conditions, treatment, and policies he faced at CTF. As such, plaintiff's amended complaint asserts those causes of action against CTF medical and correctional personnel only. Thus, the only injunctive relief that plaintiff seeks in his amended complaint is injunctive relief pertaining specifically "to prospective treatment by doctors and staff at" CTF. Opp. at 2. Because plaintiff is no longer located at CTF, plaintiff's request for injunctive relief is moot.

Plaintiff states in a footnote that if the Court "determines that [plaintiff's] claims for injunctive relief should be dismissed based on the identities of the specific defendants . . . he has named, [plaintiff] respectfully requests that he be granted leave to amend to cure those claims adding the Director of the [California Department of Corrections and Rehabilitation ("CDCR")]

6
Case No. 15-CV-01769-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

and/or other appropriate personnel at CDCR with broader policy-making authority as defendants in this action." Opp. at 4 n.1. However, this case began more than two and half years ago. Plaintiff filed his original complaint on May 22, 2015. ECF No. 13. Since then, the parties have litigated two motions to dismiss and four motions for summary judgment. Further, as explained above, all of the causes of action that plaintiff has asserted thus far are CTF-specific, in that they are (1) about specific actions taken by specific CTF personnel that allegedly harmed plaintiff; and (2) asserted only against those specific CTF personnel. Thus, at this late stage in the proceedings, the Court finds that allowing plaintiff to add entirely new claims against "the Director of the CDCR and/or other appropriate personnel at CDCR" to this action would cause undue delay and be unduly prejudicial to defendants. As a result, the Court DENIES plaintiff's request for leave to amend his complaint. *See Leadsinger*, 512 F.3d at 532 (stating that a district court may deny leave to amend due to futility, undue delay, bad faith, or undue prejudice to the opposing party).

## IV. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss as moot plaintiff's request for injunctive relief is GRANTED with prejudice.

**IT IS SO ORDERED.**

Dated: January 19, 2018

*Lucy H. Koh*
LUCY H. KOH
United States District Judge