UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID SCOTT PEASLEY,<br><br>Plaintiff,<br><br>v.<br><br>ZAHED AHMED and MARIA LOPEZ,<br><br>Defendants. | Case No. 15-CV-01769-LHK<br><br>**ORDER DENYING ADMINISTRATIVE MOTION TO SEAL**<br><br>Re: Dkt. No. 264 |

Before the Court is Plaintiff David Scott Peasley's ("Plaintiff") administrative motion to file under seal (1) portions of Plaintiff's opposition to Defendants Zahed Ahmed and Maria Lopez's ("Defendants") second motion in limine; and (2) Exhibit 1 to Plaintiff's opposition to Defendants' second motion in limine. ECF No. 264. On October 26, 2018, Defendants filed a declaration in support of Plaintiff's administrative motion to seal. ECF No. 272.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure," *Kamakana*, 447 F.3d at 1178–79 (internal quotation marks and citation omitted). Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Records attached to motions that are "not related, or only tangentially related, to the merits of a case" are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." (internal quotation marks and citation omitted)). Parties moving to seal records attached to motions unrelated or only tangentially related to the merits of a case must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Ctr. for Auto Safety*, 809 F.3d at 1098–99; *Kamakana*, 447 F.3d at 1179–80. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (citation omitted); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (citation omitted).

In addition, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request

2

Case No. 15-CV-01769-LHK
ORDER DENYING ADMINISTRATIVE MOTION TO SEAL

that establishes the document is "sealable," or "privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L. R. 79-5(b). "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil [Local Rule] 79-5(d)." *Id.* Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" and that "lists in table format each document or portion thereof that is sought to be sealed," as well as an "unredacted version of the document" that "indicate[s], by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L. R. 79-5(d)(1). Where the moving party seeks to file under seal a document containing information designated confidential by another party or a non-party, "the [designating party] must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L. R. 79-5(e)(1).

Here, the information sought to be sealed consists of a California Department of Correction and Rehabilitation ("CDCR") disciplinary report on Defendant Lopez's termination, as well as Plaintiff's references in a brief to that report and the report's contents. The disciplinary report was the subject of Defendants' second motion in limine. ECF No. 253. Plaintiff referenced the disciplinary report in his brief in opposition to Defendants' second motion in limine and attached the disciplinary report to that opposition. *See* ECF No. 265.

The Ninth Circuit has recognized that "routine motions in limine [] are strongly correlative to the merits of a case." *Ctr. for Auto Safety*, 809 F.3d at 1099. Similarly, this Court has previously explained that the exclusion of material at issue in a motion in limine may "critically affect[] the outcome of the case," such that the material is subject to the compelling reasons standard. *Fujitsu Ltd. v. Belkin Int'l, Inc.*, No. 10-CV-03972-LHK, 2012 WL 6019754, at *5 (N.D. Cal. Dec. 3, 2012) (citing *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1120 (9th Cir. 2012)). The disciplinary report at issue in Defendants' second motion in limine is no different. The Court concluded that the disciplinary report is admissible evidence under Federal Rule of Evidence 404(b)(2) and that the report has "significant probative

3
Case No. 15-CV-01769-LHK
ORDER DENYING ADMINISTRATIVE MOTION TO SEAL

1  value" for Plaintiff's claim against Defendant Lopez. ECF No. 279 at 3–4. Thus, because

2  Plaintiff's opposition to Defendants' motion in limine is "more than tangentially related to the

3  underlying cause of action," *Ctr. for Auto Safety*, 809 F.3d at 1099, the Court concludes that the

4  higher "compelling reasons" standard is the applicable standard.

5  The Court now turns to the substance of the sealing motion. Defendants have designated

6  the disciplinary report as confidential pursuant to the parties' stipulated protective order. *See* ECF

7  No. 264-2. However, that designation alone does not justify sealing even under the good cause

8  standard. *See Beckman*, 966 F.2d at 476 (explaining that entry of a stipulated protective order is

9  not equivalent to a showing of good cause). Defendants assert that keeping CDCR's personnel

10 records confidential "encourages witnesses to cooperate with investigations concerning personnel

11 and promotes honest responses to investigators' questions," which "assists CDCR in correcting

12 personnel problems and maintaining the safety and security of its institutions." ECF No. 272,

13 Declaration of Michael Quinn ("Quinn Decl."), ¶ 4. However, Defendants do not explain how

14 public disclosure of the disciplinary report *discourages* honest responses to investigators'

15 questions.

16 Defendants also attach a declaration from E. Galvan, the litigation coordinator at California

17 Training Facility ("CTF"), which Galvan signed when Plaintiff first sought discovery of the

18 disciplinary report and of other CTF records. *Id.* ¶ 2; *see* ECF No. 272, Ex. A, Declaration of E.

19 Galvan ("Galvan Decl."). Galvan attests that "disclosure to inmates and former inmates of

20 confidential information would seriously threaten and undermine the safety and security of

21 CDCR's prisons, staff, and inmates." Galvan Decl. ¶ 1.[1] However, Galvan's declaration relates to

22 documents sought in discovery, including "third-party inmates' grievances against prison staff

23 concerning medical treatment," *id.* ¶ 6, and was not even signed in support of the instant sealing

24 motion. The disciplinary report sought to be sealed concerns Defendant Lopez's termination by

25 CDCR and does not reveal the confidential medical information of any inmate or CDCR

---

[1] Defendants appear to have omitted portions of Paragraphs 1 and 5 and all of Paragraphs 2–4 of Galvan's declaration from the instant request. *See id.*

4
Case No. 15-CV-01769-LHK
ORDER DENYING ADMINISTRATIVE MOTION TO SEAL

employee. Galvan articulates no specific risks that would result from disclosure of *this* report or references to its contents. Thus, Defendants have not offered "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178–79.

With the Ninth Circuit's sealing case law in mind, the Court rules on the instant motion to seal as follows:

| Document | Page/Line | Ruling |
| --- | --- | --- |
| Exhibit 1 to Plaintiff's Opposition to Defendants' Second Motion in Limine | Entire Document | DENIED. The report contains no material for which sealing is warranted. |
| Plaintiff's Opposition to Defendants' Second Motion in Limine | All redacted portions | DENIED. The brief contains no material for which sealing is warranted. |

**IT IS SO ORDERED.**

Dated: November 14, 2018

_____
LUCY H. KOH
United States District Judge