United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SCOTT PEASLEY, | Case No. 15-cv-01769-JSW |
| Plaintiff, | |
| v. | **ORDER DENYING LEAVE TO FILE AMENDED COMPLAINT; GRANTING MOTION FOR SUMMARY JUDMGENT** |
| M. SPEARMAN, et al., | |
| Defendants. | Re: Dkt. Nos. 389, 418 |

## INTRODUCTION

Plaintiff is a California prisoner proceeding pro se.  He filed this civil rights action under 42 U.S.C. § 1983. Following remand by the Court of Appeals and reassignment of this case to the undersigned, one claim remains.  The remaining claim is "Count 6" in which he alleges that Defendants Gibson, Lopez, and Orozco, officials at the California Training Facility ("CTF"), failed to provide him access to needed medical care on one occasion in September 2013.  These Defendants have filed a motion for summary judgment.  Plaintiff filed an opposition, and Defendants filed a reply brief.  For the reasons discussed below, Defendants' motion is GRANTED.  The other pending motions are also addressed below.

## BACKGROUND

The remaining claim ("Count 6") alleges that Defendants Gibson, Lopez, and Orozco denied him access to medical care for his diabetes, specifically to a test and medication.  He alleges that it was "common knowledge" that he had diabetes, they "were informed" that he had an "emergent/urgent" need for medical care, and they denied him access to such care.

Plaintiff's medical records show that on September 7, Plaintiff asked Gibson for a blood test twice.  Both times, Gibson contacted nurses and relayed Plaintiff's request.  They told Gibson that Plaintiff could not receive a test because he did not have a medical order for one.  Gibson

1    relayed the nurses' message to Plaintiff, told him that they had denied his request for a test, and

2    did not allow Plaintiff to leave his cell because he was not receiving a test.

3         Plaintiff submits a declaration in which he states that on an unspecified date, he also twice

4    asked Lopez to see medical personnel urgently.  According to Plaintiff, Lopez made a call each

5    time and relayed to Plaintiff that his request was denied.  Lopez gave him the prison's healthcare

6    request form.  Plaintiff does not submit any evidence, nor do his medical records show, any

7    actions or involvement by Orozco in these alleged incidents.

8                                      **DISCUSSION**

9    **I.    <u>Standard of Review</u>**

10        Summary judgment is proper where the pleadings, discovery and affidavits show that there

11   is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a

12   matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the

13   case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,248 (1986). A dispute as to a material fact is

14   genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving

15   party.

16        The moving party for summary judgment bears the initial burden of identifying those

17   portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine

18   issue of material fact. *Celotex Corp.v. Cattrett*, 477 U.S. 317, 323 (1986). When the moving party

19   has met this burden of production, the nonmoving party must go beyond the pleadings and, by its

20   own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial.

21   If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact,

22   the moving party wins.  *Id.*

23   **II.   <u>Analysis</u>**

24        Deliberate indifference to a prisoner's serious medical needs violates the Eighth

25   Amendment's proscription against cruel and unusual punishment.  *Estelle v. Gamble*, 429 U.S. 97,

26   104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992*), overruled in part on other*

27   *grounds by WMX Technologies, Inc. v. Miller,* 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

28        A "serious" medical need exists if the failure to treat a prisoner's condition could result in

United States District Court
Northern District of California

2

1    further significant injury or the "unnecessary and wanton infliction of pain." *Id.* at 1059.  Insulin-

2    dependent Type 1 diabetes is a serious medical condition for purposes of Eighth Amendment

3    analysis.  *Lolli v. County of Orange*, 351 F.3d 410, 419 (9th Cir. 2003).

4        A prison official is deliberately indifferent if he knows that a prisoner faces a substantial

5    risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  *Farmer*

6    *v. Brennan*, 511 U.S. 825, 837 (1994).  The prison official must not only "be aware of facts from

7    which the inference could be drawn that a substantial risk of serious harm exists," but he "must

8    also draw the inference."  *Id.*

9        The evidence shows that Gibson did not deny Plaintiff access to medical care.  Rather, he

10   provided such access by relaying Plaintiff's requests for a blood test to a nurse.  The fact that the

11   nurse denied these requests was not Gibson's fault because he was not a medical professional and

12   there is no evidence that Gibson had the expertise or the authority to override the nurse's

13   determination.  There is also no evidence that the reason given for denying the requests --- that

14   Plaintiff did not have any medical orders for such tests in his file --- was in Gibson's control;

15   rather, it was the responsibility of medical personnel, not a correctional officer like Gibson, to

16   order or authorize medical tests.  Under these circumstances, there are no triable issues of fact that,

17   if resolved in Plaintiff's favor, would show that Orozco was deliberately indifferent to Plaintiff's

18   medical needs in violation of the Eighth Amendment.

19       Similarly, there is no evidence that Lopez was deliberately indifferent to Plaintiff's

20   medical needs or denied him access to medical care.  The evidence shows that when Plaintiff

21   asked for medical attention for his diabetes, Lopez made phone calls and gave Plaintiff the form

22   that was needed to obtain such care.  Plaintiff asserts that his requests were urgent or emergent,

23   but there is no opinion to that effect by any medical professional nor is there any evidence that the

24   healthcare request form that Lopez gave him was not appropriate for urgent or emergent medical

25   needs.  To the contrary, the fact that there is no evidence that Plaintiff suffered medical harm

26   suggests that Lopez's actions were not medically inappropriate.  Neither Plaintiff's dissatisfaction

27   with Lopez's response to his requests, nor his lay opinion that such response was medically

28   inadequate, create a triable factual question as to whether Lopez acted with deliberate

United States District Court
Northern District of California

3

indifference..

There is no allegation or evidence of what Orozco did or failed to do to deny Plaintiff medical attention or care for his diabetes in the incidents raised in his remaining claim.  Plaintiff's conclusory allegations that Orozco knew he had diabetes but denied him medical care for it are not supported by any evidence or even allegations of specific facts regarding when, where, or how Orozco knew about Plaintiff's medical needs or denied him care for such needs.  Consequently, there are no triable factual issues as to whether Orozco violated Plaintiff's Eighth Amendment rights.

### III.   Motions

Plaintiff is DENIED leave to file his proposed amended complaint.  He has not shown cause for the extraordinary delay in seeking leave to file the proposed amended complaint, which adds a claim for assault based upon facts known to him in 2016.  *See Sonoma County Ass'n of Retired Employees v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013) (undue delay one of reasons for denying leave to amend); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990) (upholding denial of leave to amend based upon eight-month delay).  Plaintiff's motion for an extension of time to file an opposition (ECF No. 418) to the motion for summary judgment is GRANTED.

### CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment on Plaintiff's remaining claim is GRANTED.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: March 6, 2023

JEFFREY S. WHITE
United States District Judge